[No. 80061-8.   En Banc.]
Considered May 1, 2008.     Decided May 8, 2008.

THE STATE OF WASHINGTON, *Respondent*, v. STEPHAN MATTHEW WEYRICH, *Petitioner*.

*Susan F. Wilk* (of *Washington Appellate Project*), for petitioner.

*Daniel T. Satterberg, Prosecuting Attorney*, and *James M. Whisman, Deputy*, for respondent.

¶1 Per Curiam — Stephan Weyrich seeks review of a per curiam Court of Appeals opinion affirming his convictions and sentence for theft and unlawful issuance of a bank check. Weyrich argues that he was misinformed of a direct consequence of his plea—the statutory maximum he faced for his theft convictions—and that the trial court therefore wrongly denied his motion to withdraw his guilty pleas. We agree and reverse the Court of Appeals.

## FACTS

¶2 At trial, Weyrich entered an *Alford*[1] plea to three counts of first degree theft. He also entered a guilty plea on the unlawful check issuance charge. Two separate statements of defendant on plea of guilty advised Weyrich that the maximum sentence for each crime, respectively, was 5 years. His judgment and sentence also notes the maximum sentence as 5 years for each crime. In fact, the maximum sentence for unlawful issuance is 5 years, but the maximum sentence for theft is 10 years. Despite the mistake, Weyrich was sentenced on both crimes within the correct standard range.

¶3 Prior to his sentencing hearing, Weyrich moved to withdraw his pleas, arguing that he had been misinformed about the possible sentence he faced and that his pleas were therefore not knowingly, voluntarily, and intelligently made. The trial court denied his motion. Before the Court of Appeals, the State conceded that the prosecutor mistakenly relayed an incorrect maximum sentence to Weyrich and that the mistake was repeated on the plea form and the judgment and sentence. The State argued in part, however, that because the trial court sentenced Weyrich within the correct standard range, the mistaken maximum sentence had no actual bearing on the plea. The Court of Appeals held that Weyrich failed to demonstrate a manifest injustice warranting withdrawal of the pleas.[2] *State v. Weyrich*, noted at 137 Wn. App. 1011 (2007).

## ANALYSIS

¶4 Due process requires that a defendant's guilty plea be knowing, voluntary, and intelligent. *State v. Mendoza*,

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] Weyrich and the State agree that although the misstatement concerning the statutory maximum relates only to the theft crimes, because the pleas to the thefts and the unlawful issuance charge were part of a package deal, if Weyrich prevails on this claim, both pleas would have to be withdrawn.

157 Wn.2d 582, 587, 141 P.3d 49 (2006); former CrR 4.2(d) (2005). A defendant must be informed of the statutory maximum for a charged crime, as this is a direct consequence of his guilty plea. *See* CrR 4.2(g), no. 6(a). A defendant may challenge the voluntariness of his plea where he is misinformed of the sentencing consequences. *Mendoza*, 157 Wn.2d at 587-91. The defendant need not establish a causal link between the misinformation and his decision to plead guilty. *Id.* at 590; *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 302, 88 P.3d 390 (2004).

¶5 The State concedes that Weyrich was misinformed that the statutory maximum for the theft crimes was 5 years, rather than the correct 10 years. *See* RCW 9A.20-.021(1)(b); RCW 9A.56.030(2). Weyrich did not waive the error but timely moved to withdraw his pleas before sentencing. *See Mendoza*, 157 Wn.2d at 591-92. The State's argument that the error did not actually affect Weyrich's decision to plead guilty requires the sort of subjective hindsight inquiry into Weyrich's decision of which *Mendoza* and *Isadore* disapprove. "Accordingly, we adhere to our precedent establishing that a guilty plea may be deemed involuntary when based on misinformation regarding a direct consequence [of] the plea . . . ." *Id.* at 591.

## CONCLUSION

¶6 Because Weyrich was misinformed that the statutory maximum sentence for the thefts was 5 years, he should have been allowed to withdraw his pleas. We reverse the Court of Appeals and remand to the trial court for further proceedings consistent with this opinion.