FILED
COURT OF APPEALS
DIVISION II

2015 MAY 27 AM 9: 34

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

No. 45945-1-II

STATE OF WASHINGTON,

Respondent,

v.

KEVIN SHAWN ROBINSON,

Appellant.

UNPUBLISHED OPINION

SUTTON, J. — Kevin Robinson seeks to withdraw his pleas of guilty on five convictions because misstatements on the firearms statutory maximum punishment render his pleas involuntary. The State concedes that because the misstatements render his pleas involuntary, Robinson is entitled to withdraw all five pleas of guilty. In his Statement of Additional Grounds (SAG), Robinson alleges that (1) the State breached the plea agreement, and (2) counsel was ineffective assistance because he failed to object to the sentences being consecutive.[1] We accept the State's concession.[2] We reverse the judgments and sentences on the three cause numbers and remand to allow Robinson to withdraw his pleas of guilty on all five convictions.

## FACTS

As part of a global plea agreement, Kevin Robinson pleaded guilty in Cowlitz County Superior Court to attempting to elude a pursuing police vehicle and unlawful possession of methamphetamine in cause no. 13-1-00925-8, to unlawful possession of methamphetamine with

---

[1] Statement of Additional Grounds at p. 1-4.

[2] This matter was initially considered by a commissioner of this court pursuant to RAP 18.14 and subsequently referred to a panel of judges.

intent to deliver and second degree unlawful possession of a firearm in cause no. 13-1-00955-0, and to unlawful possession of methamphetamine in cause no. 14-1-00108-5. The trial court accepted his pleas.

However, Robinson's statement on plea of guilty in cause no. 13-1-00955-0 misstated the statutory maximum punishment for the charge of second degree unlawful possession of a firearm as "10 years $20,000," when the statutory maximum punishment for that crime is actually five years of confinement and a $10,000 fine. RCW 9.41.040(2)(b); RCW 9A.20.021(1)(c). During the plea colloquy, the trial court reiterated the error, stating that the "maximum term and fine" was "10 years, $20,000."[3] All three cause numbers were set for a single sentencing hearing before a different judge who sentenced Robinson to 60 months of confinement for second degree unlawful possession of a firearm.[4] At the sentencing hearing, no one mentioned the misinformation on the firearms statutory maximum.[5] We reverse and remand.

ANALYSIS

Robinson now seeks to withdraw his pleas of guilty on all five convictions because the misstatements on the firearms statutory maximum punishment rendered his pleas involuntary. *In re the Matter of the Pers. Restraint of Bradley*, 165 Wn.2d 934, 939, 205 P.3d 123 (2009); *State v. Weyrich*, 163 Wn.2d 554, 557, 182 P.3d 965 (2008). And although the misstatement only pertained to his plea of guilty to the charge of second degree unlawful possession of a firearm,

---

[3] Report of Proceedings (Feb. 6, 2014) at 53.
[4] RP 61-74.
[5] RP 61-74.

because all of the pleas of guilty were entered as part of a global plea agreement, Robinson argues that he is entitled to withdraw all of his guilty pleas. *Bradley*, 165 Wn.2d at 941-42.

The State concedes that the misstatements on the firearms statutory maximum punishment render his pleas of guilty to all five charges involuntary because they were entered as part of a global settlement of all three cause numbers, and therefore, Robinson is entitled to withdraw his pleas of guilty. We accept the State's concession.

Accordingly, we reverse the judgments and sentences on the three cause numbers and remand to allow Robinson to withdraw his pleas of guilty on all five convictions.[6]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
SUTTON, J.

We concur:

_____
BJÖRGEN, A.C.J.

_____
LEE, J.

---

[6] Robinson filed a SAG asserting that the State breached the plea agreement and that he received ineffective assistance of counsel. But because we remand to the trial court for further proceedings, we do not need to address Robinson's assertions.