# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46968-5-II |
| Respondent, | |
| v. | |
| DAKOTA LAZIER, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Dakota Lazier appeals from his conviction for custodial assault. Lazier argues that (1) the trial court erred when it allowed two witnesses to testify that it appeared that Lazier was intentionally fighting with another resident of Green Hill School, (2) the trial court violated his Sixth and Fourteenth Amendment right to a fair trial by allowing lay opinion testimony, and (3) the trial court erred by giving a transferred intent jury instruction. Further, Lazier argues that (4) under the cumulative error doctrine, the multiple errors warrant a new trial.

We hold that (1) the trial court properly admitted lay opinion testimony that it appeared that Lazier was intentionally fighting with another resident and (2) admission of the testimony did not violate Lazier's constitutional right to a fair trial, and (3) the trial court's transferred intent instruction was proper. We further hold that (4) Lazier fails to prove any trial court error to warrant a new trial. Accordingly, we affirm.

FACTS

On July 8, 2014, Jason Freeze, a residential counselor at Green Hill School,[1] responded to several fights breaking out between Green Hill residents at various locations around the campus. On his way to one of the school buildings, Freeze witnessed and responded to a fight breaking out between two residents, Lazier and VT.[2]

Freeze restrained VT as other staff attempted to restrain Lazier. Green Hill staff members are required to intervene when residents fight.

Despite the attempts by two other Green Hill staff members, Pablo Torres, Sr. and Juan Mendez, to restrain him, Lazier freed himself, striking Freeze as he continued to swing and punch at VT. Lazier struck Freeze several times, twice to the upper back and shoulder, and twice to the back of the head and neck. As Lazier struck him, Freeze stated twice, "Stop swinging. You're striking staff. You're striking me." Verbatim Report of Proceedings (VRP) (November 14, 2014) at 32-33, 43.

The State charged Lazier with one count of custodial assault on Freeze.

At trial, defense counsel objected to Freeze's and Torres's testimony as speculative,

[State]: All right. When you saw that [Lazier] and [VT] were fighting, did it look like they were intentionally having a fight?
[Defense]: Objection.
[Court]: The basis for the objection?
[Defense]: It's invading the question for the jury. Also speculation.
[Court]: Overruled.

---

[1] Green Hill School is a secure "juvenile institution for the adjudicated juvenile offenders" ages 15-21. Verbatim Report of Proceedings (November 14, 2014) at 28.

[2] We use initials to protect the privacy interests of the juvenile.

> [State]: All right. So that means you can answer. Did it look like they were intentionally having a fight?
>
> [Freeze]: Yes, sir.
>
> . . . .
>
> [State]: So the fight that you saw between [Lazier] and [VT], did that fight look like the two people were intending to be in a fight?
>
> [Defense]: Objection.
>
> [Torres]: Yes.
>
> [Court]: Overruled. He can answer the question.
>
> [State]: Would you like him to answer again, Your Honor, or do you think that was sufficient?
>
> [Court]: I think that was sufficient.

VRP (11/14/2014) at 30-31, 40.

The State proposed a transferred intent instruction to which Lazier objected. Over Lazier's objection, the trial court gave a transferred intent jury instruction 7, which stated,

> If a person acts with intent to assault another, but the act harms a third person, the actor is also deemed to have acted with intent to assault the third person.

Clerk's Papers (CP) at 42.[3] Jury instruction 3, the definition of "custodial assault," stated,

> A person commits the crime of custodial assault when he or she assaults a staff member at an adult or juvenile corrections institution or local detention facility who was performing official duties at the time of the assault.

CP at 38. Jury instruction 5, the definition of "simple assault," stated,

> An assault is an intentional touching or striking of another person, with unlawful force, that is harmful or offensive regardless of whether any physical injury is done to the person. A touching or striking is offensive if it would offend an ordinary person who is not unduly sensitive.

CP at 40. The jury convicted Lazier of the custodial assault. Lazier appeals.

---

[3] Jury instruction 7, is identical to 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 10.01 at 204 (3d ed. 2008).

ANALYSIS

Lazier argues that (1) the trial court erred when it allowed Freeze and Torres to testify that it appeared that Lazier and VT were fighting intentionally, (2) the admitted testimony was improper opinion that invaded the province of the jury, and (3) when combined with the improper lay opinion testimony, the trial court's instruction on transferred intent was misleading and improper. Lazier also argues that he is entitled to a new trial under the cumulative error doctrine.

We hold that (1) the trial court properly admitted Freeze's and Torres's testimony, (2) the testimony did not invade the province of the jury, and (3) the transferred intent instruction was proper. Because we find that there were no errors at trial, we hold that Lazier is not entitled to a new trial.

## I. OPINION TESTIMONY

### A. ER 701 and 704

Lazier first argues that the trial court erred when it overruled his objections to Freeze's and Torres's lay opinion testimony that it appeared to them that Lazier was intentionally fighting with VT. We disagree.

We review a trial court's ruling on the admissibility of opinion evidence for abuse of discretion. *State v. Blake*, 172 Wn. App. 515, 523, 298 P.3d 769 (2012). The trial court has considerable discretion to determine if evidence is admissible. *State v. Quaale¸* 182 Wn.2d 191, 196, 340 P.3d 213 (2014). "'Where reasonable persons could take differing views regarding the propriety of the trial court's actions, the trial court has not abused its discretion.'" *Quaale*, 182 Wn.2d at 196 (quoting *State v. Demery*, 144 Wn.2d 753, 758, 30 P.3d 1278 (2001)). The trial court abuses its discretion when its decision is "'manifestly unreasonable or based on untenable

grounds or reasons.'" *Quaale*, 182 Wn.2d at 196 (quoting *State v. Stenson*, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997)).

ER 701 permits lay testimony "in the form of opinions or inferences" that are "rationally based on the perception of the witness" and "helpful to a clear understanding of the witness'[s] testimony or the determination of a fact in issue." ER 701. Opinion testimony is not improper or objectionable because it "embraces an ultimate issue to be decided by the trier of fact." ER 704. Testimony based on inferences from the evidence is not improper. *Blake*, 172 Wn. App. at 523. ER 701 "gives the trial court considerable discretion to focus the attention where it belongs—on what the witness knows, not how the witness is expressing himself or herself." 5D KARL B. TEGLAND, WASHINGTON PRACTICE: COURTROOM HANDBOOK ON WASHINGTON EVIDENCE ch.5 at 315 (2015-2016 ed.).

Both Freeze and Torres testified about what they saw regarding the fight between Lazier and VT on July 8, 2014. In response to the State's questions, Freeze and Torres testified that they saw Lazier and VT fighting and that from their observations, it appeared the two were fighting intentionally. Their statements were a first-hand account of their impressions of the fight. *See State v. Cole*, 117 Wn. App. 870, 878, 73 P.3d 411 (2003) (stating that testimony based on first-hand knowledge was not improper opinion testimony). Each testified that they saw Lazier throwing punches and yelling, and that, after staff attempted to restrain him, Lazier continued to swing at VT.

The State did not ask Freeze and Torres to opine about whether Lazier was guilty of assault, but rather sought to clarify that Lazier was not caught in the middle of a fight simply by his proximity to it. Freeze's and Torres's first-hand observations of the fight were admissible lay

opinion testimony under ER 701. Thus, the trial court did not abuse its discretion by admitting this testimony, and Lazier's argument fails.

B. Constitutional Error

Lazier argues that the admission of Freeze's and Torres's improper lay opinion testimony violated his constitutional right to a fair trial.[4] We disagree.

Generally, we do not consider an issue raised for the first time on appeal unless it is a manifest constitutional error affecting a constitutional right. RAP 2.5(a); *State v. Gentry*, 183 Wn.2d 749, 760, 356 P.3d 714 (2015); *State v. Kirkman*, 159 Wn.2d 918, 926, 155 P.3d 125 (2007). The defendant must identify a constitutional error and show how the alleged error prejudiced the defendant's rights at trial. *Kirkman*, 159 Wn.2d at 926-27. A showing of actual prejudice is required. *Kirkman*, 159 Wn.2d at 927 (citing *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995)).

A witness's opinion on guilt, whether directly or by inference, is improper, invades the jury's independent determination of the facts, and violates the defendant's constitutional rights. *Quaale*, 182 Wn.2d at 197; *State v. Farr-Lenzini*, 93 Wn. App. 453, 460, 970 P.2d 313 (1999). "'The fact that an opinion supports a finding of guilt . . . does not make the opinion improper.'" *Blake*, 172 Wn. App. at 523 (alteration in original) (quoting *State v. Collins*, 152 Wn. App. 429, 436, 216 P.3d 463 (2009)). "Whether testimony constitutes an impermissible opinion about the defendant's guilt depends on the circumstances of the case, including (1) the type of witness

---

[4] Here, at trial, defense counsel did not object to Freeze's or Torres's testimony on constitutional grounds, but argued that their testimony was speculative. Therefore, we review this new argument under a manifest constitutional error standard under RAP 2.5(a)(3).

involved, (2) the specific nature of the testimony, (3) the nature of the charges, (4) the type of defense, and (5) the other evidence before the trier of fact." *State v. Hudson*, 150 Wn. App. 646, 653, 208 P.3d 1236 (2009) (citing *State v. Montgomery*, 163 Wn.2d 557, 591, 183 P.3d 267 (2008)). However, it is not improper opinion testimony if it "'is based on inferences from the evidence,'" supports a finding of guilt, or embraces an ultimate issue but is otherwise admissible. *Blake*, 172 Wn. App. at 523 (quoting *City of Seattle v. Heatley*, 70 Wn. App. 573, 577, 854 P.2d 658 (1993)).

In *Quaale*, our Supreme Court held that a trooper's statement that "[t]here was no doubt [the defendant] was impaired," was an improper opinion on the core issue and the only disputed element during the defendant's trial for attempting to elude a police vehicle and felony DUI. Because it was an improper comment on guilt, the Supreme Court held that the error was not harmless beyond a reasonable doubt. *Quaale*, 182 Wn.2d at 195, 200.

As we analyzed above, Freeze's and Torres's testimony was not improper lay opinion testimony. Freeze and Torres both testified that, as they came up on the fight, it appeared that Lazier was "intentionally having a fight," that Lazier and VT looked like they "were intending to be in a fight," and that Lazier appeared to be intentionally throwing punches at VT. VRP (11/14/2014) at 30, 40. Their testimony regarding the fight was based on their observations and impressions, and was not a direct comment on Lazier's state of mind or guilt in the alleged custodial assault.

Even if Freeze's and Torres's testimony were improper, there was substantial evidence outside of the disputed lay opinion testimony to support a reasonable jury's finding of guilt. Both testified that they saw Lazier throwing punches and yelling at VT, and Torres testified that Lazier continued to throw punches and struck Freeze several times while other staff members were trying to restrain Lazier. Both Freeze and Torres testified that Freeze had instructed Lazier to stop hitting him, and informed Lazier that he was hitting staff. And even if the trial court erred, the error was harmless. Thus, Lazier fails to show that any error regarding the lay opinion testimony constitutes a manifest constitutional error and his argument fails.

## II. JURY INSTRUCTIONS

Lazier argues that the trial court erred when it gave jury instruction 7 on transferred intent, and that when combined with the improper lay opinion testimony, the instruction was misleading. We disagree.

"Jury instructions are generally sufficient if they are supported by the evidence, allow each party to argue its theory of the case, and when read as a whole, properly inform the trier of fact of the applicable law." *Fergen v. Sestero*, 182 Wn.2d 794, 803, 346 P.3d 708 (2015); *see also*, *State v. Knutz*, 161 Wn. App. 395, 403, 253 P.3d 437 (2011). We review challenged jury instructions de novo, evaluating the jury instruction "'in the context of the instructions as a whole.'" *Knutz*, 161 Wn. App. at 403 (quoting *State v. Benn*, 120 Wn.2d 631, 654-55, 845 P.2d 289 (1993)).

The State charged Lazier with custodial assault under RCW 9A.36.100(1), which provides, in part,

> (1) A person is guilty of custodial assault if that person is not guilty of an assault in the first or second degree and where the person:

> (a) Assaults a full or part-time staff member or volunteer, any educational personnel, any personal service provider, or any vendor or agent thereof at any juvenile corrections institution or local juvenile detention facilities who was performing official duties at the time of the assault[.]

RCW 9A.36.100(1)(a). To convict Lazier of custodial assault, the jury had to find that, in addition to the other elements, Lazier assaulted Freeze. The common law recognizes three definitions of assault, "'attempted battery,'" "'actual battery,'" and "'common law assault.'" *State v. Wilson*, 125 Wn.2d 212, 218, 883 P.2d 320 (1994) (quoting *State v. Bland*, 71 Wn. App. 345, 353, 860 P.2d 1046 (1993)). Actual battery is "'an unlawful touching with criminal intent,'" and common law assault occurs when the defendant "put[s] another in apprehension of harm whether or not the [the defendant] intends to inflict or is capable of inflicting that harm." *Wilson*, 125 Wn.2d at 218 (quoting *Bland*, 71 Wn. App. at 535).

Neither the custodial assault statute nor the common law require proof that Lazier had specific intent to assault Freeze. *See State v. Elmi*, 166 Wn.2d 209, 215, 207 P.3d 439 (2009) (stating that the defendant only need the intent to produce a specific result, and need not have a specific victim); *see also Wilson*, 125 Wn.2d at 218-19. Under the transferred intent doctrine, once the defendant forms the intent to inflict harm on a first victim, the mens rea transfers to any other inadvertent victim harmed by that intent. *Wilson*, 125 Wn.2d at 218; *State v. Clinton*, 25 Wn. App. 400, 403, 606 P.2d 1240 (1980).

Here, the trial court instructed the jury that, to convict Lazier, it had to find that he assaulted Freeze while Freeze was performing his normal duties. The court's instructions defined assault and gave the transferred intent instruction because the fight initially started between Lazier and VT, and the evidence supported that Lazier was swinging at VT, and did so with the purpose of harming him.

Torres testified that Lazier and VT were in a fight, Lazier was "aggressively yelling" at VT and continued swinging and yelling at VT after Torres attempted to restrain him. VRP (11/14/2014) at 40. Torres and Freeze testified that Freeze stated, "Stop fighting. You're hitting staff," as Lazier struck him "at least four" times in the back and around the head and neck. VRP (11/14/2014) at 32-33, 43. The evidence supported the transferred intent instruction and the instruction properly stated the law given the context of the instructions as a whole. Thus, the instruction was proper.

### III. CUMULATIVE ERROR

The cumulative error doctrine applies where several errors affect a trial that, when standing alone, may not be sufficient to justify reversal. *State v. Greiff*, 141 Wn.2d 910, 929, 10 P.3d 390 (2000). The doctrine requires reversal where the combination of errors denied the defendant a fair trial. *Greiff*, 141 Wn.2d at 929. But when there are few or no errors, and the errors, if any, have little to no effect on the outcome of trial, reversal is not required. *State v. Weber*, 159 Wn.2d 252, 279, 149 P.3d 646 (2006). Because there are no errors, Lazier is not entitled to a new trial.

### CONCLUSION

We hold that (1) the trial court properly admitted lay opinion testimony that it appeared that Lazier was intentionally fighting with VT, (2) the admission of the lay opinion testimony did

not violate Lazier's constitutional right to a fair trial, and (3) the trial court's transferred intent instruction was proper. We further hold that (4) Lazier fails to prove any trial court error to warrant a new trial. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

BJORGEN, A.C.J.

MELNICK, J.