# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>    v.<br><br>ANTHONY DENATALE,<br><br>               Appellant. | No.  50219-4-II<br><br>Consolidated with<br>No.  50632-7-II<br><br><br>UNPUBLISHED OPINION |

WORSWICK, J. — Anthony DeNatale appeals from his guilty plea convictions of second degree child molestation, four counts of third degree child rape, and third degree child assault. DeNatale contends that he should be permitted to withdraw his guilty pleas because (1) he was misinformed about the sentencing consequences of his guilty pleas and (2) the agreed recommended sentence was contrary to law.  We affirm DeNatale's convictions but remand for a correction of DeNatale's judgement and sentence to specify a minimum term of confinement as required under RCW 9.94A.507(3)(a).

## FACTS

On January 4, 2016, the State charged DeNatale with four counts of first degree child rape.  The State alleged that the offenses were domestic violence incidents and that the offenses were aggravated by DeNatale's use of his position of trust to facilitate the crimes.  The State also filed a persistent offender notice informing DeNatale that a first degree child rape conviction would result in a life sentence without the possibility of parole if he had been previously convicted of a crime listed under former RCW 9.94A.030(38)(b)(i) (2015).  DeNatale has

previously been convicted of first degree child molestation, a crime listed under former RCW

9.94A.030(38)(b)(i).

DeNatale ultimately agreed to plead guilty to a second amended information charging

him with one count of second degree child molestation, four counts of third degree child rape,

and one count of third degree child assault.  DeNatale admitted the following in his guilty plea

statement:

> I believe I am not guilty of the amended charges, but I fully admit that I had sexual intercourse with E.S. when she was under the age of 12 and I was more than 24 months older than her, and not married to her, on at least four occasions all happening in Pierce County between 12/1/14 and 12/21/15.  I am pleading guilty to take advantage of the State's offer and I believe I am guilty of the charges in the original information and would be found guilty at trial.  E.S. is a family member.

Clerk's Papers (CP) at 92.

DeNatale's guilty plea statement provided that the parties agreed to the State

recommending an exceptional sentence consisting of the statutory maximum sentence on all

counts to run consecutive, for a total of 30 years of confinement, and 5 years of community

custody on the third degree child assault charge.  The trial court accepted DeNatale's guilty pleas

to the amended charges as voluntarily made.  The trial court also imposed the parties' agreed

sentencing recommendation and entered findings of fact and conclusions of law in support of the

exceptional sentence.  DeNatale's judgment and sentence did not specify a minimum and

maximum term of confinement, instead imposing a determinate term totaling 30 years of

incarceration and 5 years of community custody.

DeNatale appealed his guilty plea convictions.  After DeNatale filed his notice of appeal,

the trial court signed a proposed motion and order to correct DeNatale's judgment and sentence,

No. 50219-4-II;
Cons. with No. 50632-7-II

in which the court "signal[ed] its intention to correct" the judgment and sentence in a manner that specified minimum and maximum terms. CP at 146.

ANALYSIS

### I. VOLUNTARINESS OF GUILTY PLEAS/ADVISEMENT OF SENTENCING CONSEQUENCES

DeNatale first contends that he should be permitted to withdraw his guilty pleas because they were involuntary as a result of being misadvised of his sentencing consequences. We disagree.

Due process requires that a defendant's guilty plea be knowing, voluntary, and intelligent. *State v. Weyrich*, 163 Wn.2d 554, 556, 182 P.3d 965 (2008). This standard is reflected in CrR 4.2(d), which states in relevant part, "The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea." Under this rule, once a guilty plea is accepted, the trial court must allow withdrawal of the plea "to correct a manifest injustice." CrR 4.2(f). An involuntary plea constitutes a manifest injustice, and a defendant may raise this claim of error for the first time on appeal. *State v. Walsh*, 143 Wn.2d 1, 6-8, 17 P.3d 591 (2001); *State v. Wakefield*, 130 Wn.2d 464, 472, 925 P.2d 183 (1996).

A defendant must understand the sentencing consequences for a guilty plea to be considered knowing and voluntary. *State v. Buckman*, 190 Wn.2d 51, 59, 409 P.3d 193 (2018). "'[A] guilty plea may be deemed involuntary when based on misinformation regarding a direct consequence of the plea, regardless of whether the actual sentencing range is lower or higher than anticipated.'" *Buckman*, 190 Wn.2d at 59 (alteration in original) (quoting *State v. Mendoza*, 157 Wn.2d 582, 591, 141 P.3d 49 (2006)). Both the statutory maximum sentence determined by

3

the legislature and the applicable standard sentence range are direct consequences of a guilty plea about which a defendant must be informed to satisfy due process requirements. *Weyrich*, 163 Wn.2d at 557; *State v. Kennar*, 135 Wn. App. 68, 74-75, 143 P.3d 326 (2006).

A person convicted of any sex offense other than failure to register as a sex offender is subject to the sentencing provisions of RCW 9.94A.507 if the person has a prior conviction for an offense listed in former RCW 9.94A.030(38)(b) (2015). DeNatale's second degree molestation and third degree child rape convictions are sex offenses, and he has previously been convicted of first degree child molestation, a crime listed under former RCW 9.94A.030(38)(b)(i). Former RCW 9.94A.030(47)(a)(i); RCW 9A.44.079; RCW 9A.44.086. He was therefore subject to the sentencing provisions of RCW 9.94A.507.

RCW 9.94A.507(3)(a) provides, "Upon a finding that the offender is subject to sentencing under this section, the court shall impose a sentence to a maximum term and a minimum term." Under RCW 9.94A.507(3)(b), the trial court is required to sentence the offender to a maximum term consisting of the statutory maximum sentence for the offense. And under RCW 9.94A.507(3)(c), the trial court is required to impose a minimum sentence that is either within the standard sentence range for the offenses or outside the range pursuant to the provisions of RCW 9.94A.535. Former RCW 9.94A.535(2)(a) (2013) authorizes a trial court to impose an exceptional sentence if:

> The defendant and the state both stipulate that justice is best served by the imposition of an exceptional sentence outside the standard range, and the court finds the exceptional sentence to be consistent with and in furtherance of the interests of justice and the purposes of the sentencing reform act.

4

RCW 9.94A.589 authorizes a trial court to impose consecutive sentences under the exceptional sentence provisions of RCW 9.94A.535.

DeNatale asserts that he must be permitted to withdraw his guilty pleas because he was not informed that his convictions were subject to an indeterminate sentence under RCW 9.94A.507. But DeNatale's signed guilty plea statement stated that he was subject to indeterminate sentencing under RCW 9.94A.507 for any sex offense if he had a prior conviction for certain offenses, including first degree child molestation. And, as part of his plea agreement, DeNatale stipulated to having been previously convicted of first degree child molestation. DeNatale's guilty plea statement further stated that, pursuant to RCW 9.94A.507, the trial court would "impose a maximum term of confinement consisting of the statutory maximum sentence of the offense and a minimum term of confinement either within the standard range for the offense or outside the standard range if an exceptional sentence is appropriate." CP at 86.

DeNatale's guilty plea statement averred, and the trial court confirmed at the plea hearing, that he had read and reviewed this guilty plea statement with his attorney. When a defendant completes a written plea statement and admits to reading, understanding, and signing the statement, a strong presumption arises that the plea was voluntary. *State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998); *State v. Branch*, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996). DeNatale's claim that he was not informed about the sentencing consequences of pleading guilty to the State's amended charges is without merit. Accordingly, he does not demonstrate that his plea was involuntary on that basis.

II. LEGALITY OF EXCEPTIONAL SENTENCE

Next, DeNatale contends that he must be permitted to withdraw his guilty pleas because he agreed to a sentence that was contrary to law. We disagree.

A defendant may elect to withdraw a guilty plea when the parties have agreed to a sentence that is contrary to law. *State v. Barber*, 170 Wn.2d 854, 872-74, 248 P.3d 494 (2011). Here, the parties agreed to a recommended exceptional sentence consisting of the statutory maximum on all counts to run consecutive, for a total of 30 years of incarceration and 5 years of community custody.

DeNatale argues that the agreed recommended exceptional sentence is contrary to RCW 9.94A.507's requirement of an indeterminate sentence consisting of a minimum and maximum term of incarceration. But RCW 9.94A.507(3)(c)(i) permits a trial court to impose a minimum term outside the standard range pursuant to RCW 9.94.535. And RCW 9.94A.589 permits a trial court to impose consecutive sentences pursuant to RCW 9.94.535. DeNatale stipulated that justice was best served by the imposition of an exceptional sentence under former RCW 9.94A.535(2)(a). Although the parties agreed to a recommended sentence that was the functional equivalent of a determinate sentence, DeNatale cites no authority supporting the proposition that RCW 9.94A.507(3)(c)(i) prohibits a trial court from imposing an exceptional minimum sentence under former RCW 9.94A.535 that amounts to the statutory maximum sentence for the offenses. Therefore, we hold that the parties' agreed recommendation to the statutory maximum sentence on all counts to run consecutively was not contrary to law.

That the trial court failed to specify a minimum term of confinement in DeNatale's judgment in sentence does not undermine the voluntariness of DeNatale's pleas because he was

properly informed of the direct sentencing consequences of pleading guilty to the State's amended charges and because the parties recommended, and the trial court imposed, a sentence that was lawful in effect despite any error in form. Accordingly, DeNatale does not demonstrate that his pleas were involuntary.

Although the parties' agreed sentencing recommendation was not contrary to law, the State concedes, and we agree, that the trial court erred by failing to specify a minimum term of confinement in DeNatale's judgment and sentence as required under RCW 9.94A.507(3)(a). Accordingly, we affirm DeNatale's convictions but remand for a correction of his judgment and sentence to specify a minimum term of confinement amounting to the statutory maximum for the offenses.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, C.J.

_____
Lee, J.

7