IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 82534-8-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY ALLEN FARWELL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Timothy Farwell contends his guilty plea was involuntary because the trial court incorrectly advised him about the maximum sentence the court could impose. The court correctly advised Farwell of both the standard range sentence and the statutory maximum sentence for the charged crimes. Farwell's guilty plea was voluntary, knowing, and intelligent.

Farwell also contends and the State concedes that the domestic violence fee and the costs of community custody should be stricken. Because the court intended to strike all discretionary fees, we accept the State's concession and remand for the trial court to strike these fee provisions.

Therefore, we affirm Farwell's guilty plea and remand for further proceedings consistent with this opinion.

FACTS

On December 5, 2019, Timothy Farwell was charged with third degree assault and attempted bail jumping. Farwell pleaded guilty.

As part of the plea process, Farwell submitted a statement of defendant on plea of guilty which listed the standard range sentence and the statutory maximum sentence for third degree assault and misdemeanor bail jumping.

The next day, the trial court conducted a plea colloquy. As part of the colloquy, the court orally advised Farwell of the standard range sentence and the statutory maximum sentence for the charged crimes.

The court accepted Farwell's guilty plea and sentenced him to a standard range sentence of 60 days' confinement. Farwell's judgment and sentence listed the same sentencing information and ordered payment of a domestic violence fee and costs of community custody.

Farwell appeals.

ANALYSIS

I. Guilty Plea

Farwell argues that his guilty plea was not "knowing, intelligent, and voluntary" because he was "misinformed about the maximum sentence the court could impose."[1]

Due process requires that a defendant's guilty plea be voluntary, knowing, and intelligent.[2] "A plea is knowing and voluntary only when the person pleading guilty understands the plea's consequences, including possible sentencing

---

[1] Appellant's Br. at 4.

[2] State v. Weyrich, 163 Wn.2d 554, 556, 182 P.3d 965 (2008) (citing State v. Mendoza, 157 Wn.2d 582, 587, 141 P.3d 49 (2006); CrR 4.2(d) (2005)).

consequences."[3]  To comply with due process, a defendant must be advised of both the standard range sentence and the statutory maximum sentence for each charged crime.[4]

It is undisputed the trial court advised Farwell of the standard range and statutory maximum sentence for each crime.  Before sentencing, Farwell submitted a statement of defendant on plea of guilty which noted the standard range and the statutory maximum sentence for third degree assault and misdemeanor bail jumping.  At sentencing, the court orally advised Farwell that based on an offender score of 0, the standard range sentence for third degree assault was "1 to 3 months" with a maximum "term [of] 5 years" and a maximum fine of "$10,000."[5]  The court also stated that based on his offender score the standard range sentence for misdemeanor bail jumping was 0 to 364 days' confinement with a maximum term of 0 to 364 days and a maximum fine of "$5,000."[6]  And Farwell's judgment and sentence contained the same sentencing information.  Because the court advised Farwell orally and in writing about both the standard range sentence and the statutory maximum sentence for third degree assault and misdemeanor bail jumping, Farwell's guilty plea was voluntary, knowing, and intelligent.

---

[3] State v. Buckman, 190 Wn.2d 51, 59, 409 P.3d 193 (2018) (citing In re Pers. Restraint of Stockwell, 179 Wn.2d 588, 594-95, 316 P.3d 1007 (2014)).

[4] See State v. Kennar, 135 Wn. App. 68, 74, 143 P.3d 326 (2006); Weyrich, 163 Wn.2d at 557.

[5] Report of Proceedings (RP) (Dec. 6, 2019) at 4-5.

[6] RP (Dec. 6, 2019) at 7.

Farwell relies on Blakely v. United States[7] and State v. Knotek[8] to support his proposition that his guilty plea was involuntary because the court advised him of the statutory maximum sentence rather than the maximum he actually could be sentenced to, which, given that his case presented no aggravating factors, was only the standard range.

But since Blakely and Knotek, ample case law has rejected this proposition. For example, in State v. Weyrich,[9] our Supreme Court held that "[a] defendant must be informed of the statutory maximum for a charged crime, as that is a direct consequence of his guilty plea."[10]  And in State v. Kennar, this court held that "[b]oth the statutory maximum sentence determined by the legislature and the applicable standard sentence range have been declared to be direct consequences of a guilty plea about which a defendant must be informed in order to satisfy due process requirements." [11]  In his reply brief, Farwell contends that because he submitted his appeal to Division Two of this court, Kennar, a Division One case, "is not binding" authority.[12]  But Division Two of this court has also held that "[a] defendant must be informed of the statutory maximum sentence for a

---

[7] 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[8] 136 Wn. App. 412, 149 P.3d 676 (2006).

[9] 163 Wn.2d 554, 182 P.3d 965 (2008).

[10] Id. at 557.

[11] 135 Wn. App. 68, 75, 143 P.3d 326 (2006) (citing In re Vensel, 88 Wn.2d 552, 555, 564 P.2d 326 (1977); State v. Mendoza, 157 Wn.2d 582, 587-88, 141 P.3d 49 (2006)).

[12] Appellant's Reply Br. at 1.

charged crime because it is a direct consequence of his guilty plea."[13]  Current case law does not support Farwell's argument.

II.  Discretionary Fees

Farwell argues that remand is necessary to strike the requirement that he pay the domestic violence fee and the costs of community custody.  Because the trial court intended to strike all discretionary fees,[14] we accept the State's concession that the domestic violence fee and the costs of community custody should be stricken.

Therefore, we affirm Farwell's guilty plea and remand for further proceedings consistent with this opinion.

WE CONCUR:

---

[13] In re Pers. Restraint of Stockwell, 161 Wn. App. 329, 335, 254 P.3d 899 (2011) (citing Weyrich, 163 Wn.2d at 557), aff'd, 179 Wn.2d 588, 316 P.3d 1007 (2014).

[14] Clerk's Papers at 29-33, 39-47; RP (Dec. 6, 2019) at 15.